# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. O'BRIEN, III,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 19-3707** |
| | : | |
| **ERIC TICE, et al.,** | : | |
| **Defendants.** | : | |

**McHUGH, J.**                                                                                    **April 3, 2020**

## MEMORANDUM

Petitioner Edward O'Brien, III, brings this habeas action and seeks relief from his convictions in state court for third-degree murder and aggravated assault. He asserts three general grounds for relief: (1) the jury instructions violated his due process rights; (2) the evidence was insufficient to convict him of the crimes with which he was charged; and (3) the trial court improperly excluded evidence necessary to his defense. Magistrate Judge Lynne Sitarski has prepared a Report and Recommendation (R&R) finding no merit in O'Brien's claims, to which O'Brien objects. O'Brien focuses his objections only upon the R&R's findings as to the jury instructions. For the following reasons, I agree with Judge Sitarski's thorough and well-reasoned Report, find the objections to be without merit, and conclude that O'Brien is not entitled to habeas relief.

As a threshold matter, O'Brien stresses that his due process claim did not receive adjudication in the state courts. That lack of adjudication, he now posits, entitles him to *de novo* review of the claim in federal court. Objections to the R&R, at 8, ECF 10 (citing *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268 (3d Cir. 2018)). Whether or not the state courts failed to adjudicate that claim, Judge Sitarski has done so. Her Report set forth the framework

governing a federal court's analysis of due process claims on habeas review, applied it, and concluded that the jury instructions did not injure O'Brien's due process rights. *See* R&R, at 13-16, ECF 9. O'Brien has therefore received the review of his due process claim to which he is entitled. *See Bennett*, 886 F.3d at 283-84.

On the merits, the central theme of O'Brien's objections regarding the trial court's jury instructions is that they violated his due process rights because they required him to assert, as an affirmative defense, that "he had no duty to render care because his father had refused further care." ECF 10, at 2 (citing R&R, at 14-16, ECF 9). The record does not support that contention. Instead, as the R&R makes clear, the trial judge explicitly instructed the jury that there were two separate burdens of proof in the case. The trial judge first instructed the jury that O'Brien could not be found guilty "based solely on failure to act unless [they were] satisfied beyond a reasonable doubt that the defendant had a legal duty to care for the decedent." R&R, at 12, ECF 9. After delivering this instruction, the trial court went on to instruct the jury that O'Brien was asserting an affirmative defense that could require them to acquit, and that he need only prove it by the lesser preponderance of evidence burden.

Contrary to O'Brien's assertions here, and as the relevant instructions illustrate, the trial court did not require him to disprove an element of the offense:

> As I have just instructed you throughout the trial, the Commonwealth bears the burden of proving every element of each charge beyond a reasonable doubt. The defendant does not bear any burden to disprove any element of the crimes charged.
>
> In this case the defendant has asserted what is called an affirmative defense claiming his conduct was a result of the decedent's wishes to forego medical care. The defendant bears the burden of proving, proving to you by a preponderance of the evidence, that his conduct was due to decedent's wishes to forego medical care.
>
> Let me explain the difference between the burdens of proof. While the Commonwealth's burden in relation to each element of each

> charge is beyond a reasonable doubt, the defendant's burden relating
> to his affirmative defense is a lesser burden. That burden is a
> preponderance of the evidence, which means that the fact asserted
> is more likely true than not.
>
> It is the law in the Commonwealth of Pennsylvania that a rational,
> competent person has a right to refuse medical treatment and they
> have a right to refuse it for any reason whatsoever. If you find based
> on the evidence presented that it is more likely than not that Edward
> J. O'Brien, Jr. made a rational and competent refusal of medical
> care, you must find the defendant not guilty.

ECF 9, at 10 (citing N.T. Trial, 6/29/16, at 1529-30). Like Judge Sitarski, I cannot identify any defect in this charge.

Despite this seeming clarity, O'Brien objects to the R&R for assuming "that evidence of a refusal of care constitutes an affirmative defense, without any analysis of whether the refusal of care disproves an element of the charged offense, as necessarily, logically and legally inconsistent with, a duty to provide further care under state law." ECF 10, at 3. O'Brien's reasoning is hard to follow. He appears to argue that given the facts of the case, to establish his affirmative defense would necessarily require him to disprove an element of the offense, thereby improperly shifting the burden. I disagree. The trial judge properly instructed that the Commonwealth, in the first instance, was required to establish beyond a reasonable doubt O'Brien's duty to provide care, but that O'Brien should nonetheless be acquitted if the jury found that his father refused that care. Analytically, these are distinct concepts, and the trial judge instructed the jury clearly as to the difference. O'Brien cites no authority for the proposition that the Commonwealth is required to prove the victim's willingness to accept care as an element of the offense, nor does O'Brien explain how the prosecution could realistically meet such a burden.

The trial court's affirmative defense instruction here has sound footing in Supreme Court jurisprudence. In *Dixon v. United States*, 548 U.S. 1, 8-9 (2006), the Court specifically held that

requiring a criminal defendant to bear the burden of proving an affirmative defense does not offend due process. The defendant there unlawfully purchased a firearm while under felony indictment and contended that she did so under duress because of threats from her boyfriend. *Id.* at 3-4. In holding that she bore the burden of proving duress, the Court looked to three longstanding common law principles. First, the defendant in a criminal case generally bears the burden of establishing affirmative defenses, excuses, or justifications. *Id.* at 8. Second, it has long been a "general evidentiary rule that the burdens of producing evidence and of persuasion with regard to any given issue are both generally allocated to the same party." *Id.* (cleaned up).[1] Third, at common law, "where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue." *Id.* at 9. In practical terms, the Court rejected precisely the kind of due process challenges O'Brien raises here. *Id.* at 9-17.

Finally, O'Brien urges me to hold that the jury instructions violated the Ex Post Facto Clause of the United States Constitution, contending that (1) the affirmative defense portion of the instructions were improperly modeled on the Neglect of Care of Dependent Person statute, 18 Pa. C.S. § 2713, even though O'Brien was never charged under that statute, ECF 9, at 6; and (2) the law would not have applied to him at the time of his criminal offenses because he was not a compensated caregiver. ECF 9, at 7 n.3.

The Ex Post Facto Clause renders unconstitutional any law that "(1) punishes as a crime an act that was innocent when done, or (2) makes more burdensome the punishment for a crime after its commission, or (3) deprives one charged with a crime of any defense available according to law at the time the act was committed." *Helton v. Fauver*, 930 F.2d 1040, 1045 (3d Cir. 1991)

---

[1] This opinion uses (cleaned up) to indicate that extraneous, non-substantive information—such as internal quotation marks, alterations, and citations—has been omitted from quotations. *See, e.g., United States v. Steward*, 880 F.3d 983, 986 n.3 (8th Cir. 2018); *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017).

(citing *Beazell v. Ohio*, 269 U.S. 167, 170 (1925)). It applies to judicial as well as legislative action because a court's unforeseeable "enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10, of the Constitution forbids." *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964).

The critical question then is whether the trial court expanded O'Brien's criminal liability or imposed additional punishment upon him by consulting the Pennsylvania statute. O'Brien points to nothing that suggests the trial court did either. Significantly, the trial judge did not consult the statute to craft the charge on the elements of any offense. She consulted it only with respect to instructing the jury on the affirmative defense. In doing so, she looked to an analogous statute with similar affirmative defenses and referred to the Suggested Standard Instruction applicable to it. Indeed, O'Brien fails to identify any substantive error in the charge concerning his affirmative defense and points to nothing in the record that memorializes any objection to the trial judge's methodology.

In light of the foregoing, I reject O'Brien's objections, adopt Judge Sitarski's R&R, and will further deny the issuance of a Certificate of Appealability. An appropriate Order follows.

> /s/ Gerald Austin McHugh
> Gerald Austin McHugh
> United States District Judge